19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tomas Lopez MENEWEATHER, Plaintiff-Appellant,
v.
Eddie YLST, Director of California Department of
Corrections, Defendants-Appellees.
 No. 92-15206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1993.*
Decided March 22, 1994.
 
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 California state prisoner Tomas Lopez Meneweather appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Meneweather alleges that the prison officials' failure to test all inmates for the human immunodeficiency virus ("HIV")[1] and to segregate inmates who test seropositive for the virus unreasonably exposed him to a serious health risk in violation of his Eighth Amendment right to be free from cruel and unusual punishment. We believe that Meneweather's claims are now moot and remand.
 
 BACKGROUND
 
 3
 Meneweather was incarcerated at the California Medical Facility ("CMF") at Vacaville, California on August 1, 1986. On March 29, 1988, while still at the CMF, Meneweather filed an amended complaint against the Director of the California Department of Corrections, James Rowland, and Warden of the CMF, Eddie Ylst, in their "official capacities." In his amended complaint, Meneweather alleges that he has suffered cruel and unusual punishment in violation of the Eighth Amendment because defendants failed to test all prisoners for HIV and to segregate those who are HIV-infected, thereby placing him at great risk of HIV exposure. Meneweather's request for relief includes monetary damages in the amount of fifty million dollars and the following forms of injunctive relief: protection from retaliation; mandatory HIV testing of all inmates at California Medical Facility "and all other C.D.C. institutions"; and separate facilities for all HIV-infected prisoners.
 
 
 4
 Prisoners at the CMF are tested for HIV on a voluntary basis. Once a prisoner requests the test, prison officials explain the procedure and inform him that testing seropositive for HIV can result in him being housed in a "special housing unit." Prison officials also assure the prisoner that the test results will be kept confidential and released only on a "need to know" basis. The prisoner must then sign a consent form verifying that he understands all the information and that he consents to the test.
 
 
 5
 All prisoners who test seropositive for HIV are initially processed through a special housing unit and evaluated for high-risk behavior. HIV-infected prisoners are provided with education regarding modification of behavior that puts others at risk. Counselling is provided if requested by the prisoner. A prisoner who is physically assaulted by another prisoner may request that the assailant be tested for HIV.
 
 
 6
 The CMF policies regarding HIV-infected prisoners are subject to a consent decree entered in a class action suit brought on behalf of all prisoners confined at the CMF, excluding those confined at the CMF-South facility. Gates v. Deukmejian, CIV No. S-87-1636 LKK-JFM (Eastern D.Cal.). Under the consent decree, prison officials are committed to implementing a pilot program to place HIV-infected prisoners in the general population at CMF. Prison officials also agreed to maintain the confidentiality of prisoners' HIV seropositive status.
 
 
 7
 On December 16, 1991, the district court granted summary judgment in favor of the defendants. This appeal followed.
 
 MOOTNESS
 
 8
 A prisoner's claims for injunctive relief based on conditions in a prison facility become moot once he is transferred from that facility, unless he can demonstrate a reasonable expectation of returning to the original facility. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991). In his complaint, Meneweather challenges the conditions of confinement at the CMF. But according to the record, Meneweather is currently housed at Folsom--not at the CMF. In Meneweather's opposition to defendants' motion for summary judgment, he states that he is a prisoner at the "Folsom State Prison, 'New Folsom/Facility.' " Because Meneweather is no longer housed at the CMF, his challenge to the CMF's policies is moot unless he demonstrates a reasonable expectation of being returned to the CMF.
 
 
 9
 Meneweather requests both monetary damages and injunctive relief. We consider only his requests for injunctive relief, however, because his claim for monetary damages is barred by the Eleventh Amendment. See Pena v. Gardner, 976 F.2d 469 (9th Cir.1992) ("The eleventh amendment bars ... a federal court action for damages ... brought by a citizen against a state ... [or] against a state official acting in his official capacity.").
 
 
 10
 Although his complaint requests mandatory HIV testing for all prisoners in all California state prison facilities, Meneweather's allegations and evidence refer only to the policies at the CMF in Vacaville, California, where he was housed at the time he filed his complaint. Moreover, it is clear from the district court orders that this case addressed the policies at the CMF, not at any other California facility.
 
 
 11
 Thus, Meneweather is requesting injunctive relief regarding a facility in which he is no longer housed. There is absolutely no showing in the record that Meneweather has a reasonable expectation of being returned to that facility. His appeal is, therefore, moot.
 
 
 12
 This case is REMANDED for further proceedings consistent with this disposition.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1984, HIV was demonstrated to be the etiologic agent of Acquired Immunodeficiency Syndrome ("AIDS"). Harrison's Principles of Internal Medicine 1402 (Jean D. Wilson, M.D., et al. eds., 12th ed. 1991)